1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11  W.O., a minor, by and through her guardian ad litem, SHANNA OVERCAST, | CASE NO. 10 CV 0632 MMA (RBB) |
| 12                                           Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| 13  vs. | |
| 14  UNITED STATES OF AMERICA, and DOES 1-100, | [Doc. No. 15] |
| 15 | |
| 16                                           Defendants. | |

17    Currently before the Court is Plaintiff's motion for leave to file a first amended complaint

18  to add two newly discovered defendants, Atlas Tree Service, Inc. and The Davey Tree Expert

19  Company.  For the reasons set forth below, the Court **GRANTS** Plaintiff's motion.

20                                          **BACKGROUND**

21    Plaintiff, a minor proceeding through her guardian ad litem, Shanna Overcast, initiated the

22  present action on March 24, 2010 against the United States of America for injuries she allegedly

23  sustained while visiting Fort Rosecrans National Cemetery when a tombstone collapsed on her leg

24  and ankle.  [Doc. No. 1.]  Plaintiff asserts a tree and its roots adjacent to the tombstone caused the

25  tombstone to collapse.  [*Id.*; Doc. No. 15-2 ¶4.]  On November 5, 2010, Plaintiff deposed Kirk

26  Leopard, the Director of Fort Rosecrans National Cemetery.  [Doc. Nos. 15, 15-2 ¶4, 15-3.]

27  During the deposition, Mr. Leopard indicated Atlas Tree Service, Inc. and The Davey Tree Expert

28  Company are responsible for evaluating and maintaining the trees on the cemetery grounds.  [Doc.

No. 15-3.]  Accordingly, on December 10, 2010 Plaintiff timely filed the present motion seeking leave to file a first amended complaint ("FAC") to add these two companies as defendants.[1] Defendant United States of America does not oppose Plaintiff's request.  [Doc. No. 15, p.5.]

## LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been served, a party may amend its complaint only with leave of court, and leave "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Granting leave to amend rests in the sound discretion of the district court.  *Pisciotta v. Teledyne Industries, Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996).  Although the rule should be interpreted with extreme liberality, leave to amend is not to be granted automatically.  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citations omitted).  Courts typically consider five factors when determining the propriety of a motion for leave to amend, including: (1) bad faith by the moving party, (2) undue delay in seeking leave to amend, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint.  *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).  Whether leave to amend should be granted "is not dependent on whether the amendment will add causes of action or parties."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  However, "[p]rejudice to the opposing party is the most important factor." *Jackson*, 902 F.2d at 1387 (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–31 (1971)).

## DISCUSSION

Applying the five factor analysis to the facts at issue here, the Court finds leave to amend is warranted.  First, the record does not demonstrate any bad faith or undue delay by Plaintiff. Nothing suggests Plaintiff reasonably could have known at the time she filed her original complaint that, Fort Rosecrans National Cemetery retained outside services to maintain its trees, or who provided such services.  When Plaintiff learned that the cemetery employs Atlas Tree Service, Inc. and The Davey Tree Expert Company to maintain the trees on the property, she promptly

---

[1] On July 14, 2010, the Court issued a Scheduling Order which stated, "Any motion to join other parties, to amend the pleadings or to file additional pleadings shall be filed and heard on or before <u>December 13, 2010.</u>  [Doc. No. 9 (emphasis in original).]

1   moved to add the newly discovered companies as defendants, within the time permitted by the

2   Court's Scheduling Order.

3          Second, existing Defendant United States of America has not asserted any prejudice, and

4   does not oppose Plaintiff's motion to amend.

5          Third, the record does not suggest amendment would be futile, as the United States of

6   America has reliably identified the proposed new defendants as potentially having a role in the

7   maintenance of the trees and roots at issue.

8          Lastly, Plaintiff has not previously amended her complaint.  Accordingly, each of the five

9   factors weighs in favor of granting Plaintiff's motion for leave to file an amended complaint.

10                                              **CONCLUSION**

11         For the reasons set forth above, the Court **GRANTS** Plaintiff's motion for leave to file a

12  first amended complaint.  [Doc. No. 15.]  The Clerk of Court is hereby instructed to file the

13  amended complaint, attached as Exhibit A to Plaintiff's motion [Doc. No. 15-1], and issue an

14  amended summons as to the newly identified defendants, Atlas Tree Service, Inc. and The Davey

15  Tree Expert Company.

16         **IT IS SO ORDERED.**

17

18  DATED:  February 1, 2011

19                                                          Hon. Michael M. Anello
                                                            United States District Judge
20

21

22

23

24

25

26

27

28

- 3 -

10cv632