# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| W.O., a minor, by and through her guardian ad litem, SHANNA OVERCAST,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, and DOES 1-100,<br><br>Defendants. | CASE NO. 10 CV 0632 MMA (RBB)<br><br>**ORDER GRANTING FRANTZ LAW GROUP, APLC'S MOTION TO WITHDRAW AS COUNSEL OF RECORD**<br><br>[Doc. No. 51] |

Currently pending before the Court is Frantz Law Group, APLC's unopposed motion to be relieved as counsel of record for minor W.O., by and through her mother and guardian ad litem, Shanna Overcast, pursuant to Civil Local Rule 83.3(g)(3). [Doc. No. 51.] The motion was set for hearing on September 26, 2011. On September 21, the Court deemed the motion suitable for decision on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1). [Doc. No. 55.] For the reasons stated below, the Court **GRANTS** Frantz Law Group's motion to withdraw as counsel.

## BACKGROUND

Plaintiff W.O., a minor proceeding through her guardian ad litem, Shanna Overcast, initiated the present action on March 24, 2010 against the United States of America for injuries she allegedly sustained while visiting Fort Rosecrans National Cemetery when a tombstone collapsed

1  on her leg and ankle. [Doc. No. 1.] Plaintiff asserts a tree and its roots adjacent to the tombstone
2  caused the tombstone to collapse. [*Id*.] On February 1, 2011, the Court granted Plaintiff's motion
3  to file a First Amended Complaint naming additional Defendants Davey and Atlas. [Doc. No. 16.]
4  Plaintiff's First Amended Complaint ("FAC") was filed the same day. [Doc. No. 17.] Defendant
5  United States answered the FAC on February 15, Defendant Atlas answered on March 8, and
6  Defendant Davey answered on March 24. [Doc. Nos. 19, 23, 29.] The parties participated in a
7  settlement conference before Magistrate Judge Brooks on May 18, 2011, which resulted in
8  Plaintiff's dismissal of Defendants Atlas and Davey. [Doc. Nos. 35, 47.]

9       On August 18, 2011, Frantz Law Group filed the pending motion to withdraw as Plaintiff's
10 counsel of record. The motion is based on counsel's representation that there has been a
11 breakdown in the attorney-client relationship with Plaintiff, and that the firm is no longer able to
12 "further ethically represent this client." [Doc. No. 54, Gary Decl. ¶7.] Counsel indicates the client
13 has failed to follow counsel's legal advice, and has breached the attorney-client fee agreement.
14 [*Id*.] Importantly, attorney Lisa Gary of Frantz Law Group indicates she recently communicated
15 with W.O.'s guardian ad litem, Shanna Overcast, and Ms. Overcast consented to the firm's request
16 to withdraw. [*Id*. ¶6.] Ms. Overcast also confirmed she received a copy of the motion to withdraw
17 on September 1, 2011. [*Id*.] To date, the Court has received no objection from Plaintiff.

18 **DISCUSSION**

19      Upon due consideration, and following a review of the record in this matter, the Court
20 concludes Frantz Law Group has shown good cause to be relieved as counsel of record for
21 Plaintiff minor W.O., by and through her guardian ad litem Shanna Overcast. Importantly, Ms.
22 Overcast does not object to the Frantz Law Group's withdrawal, and has been provided ample
23 notice of her counsel's desire to terminate their attorney-client relationship.

24      However, "it has long been established that the court in which a minor's claims are being
25 litigated has a duty to protect the minor's interests." *Ewing v. City of Stockton*, 2011 U.S. Dist.
26 LEXIS 50791 *3-4 (E.D. Cal. May 12, 2011) (citing *Salmeron v. United States*, 724 F.2d 1357,
27 1363 (9th Cir. 1983)). Accordingly, in cases such as this where a minor is proceeding by and
28 through a guardian ad litem, the guardian cannot proceed pro se and must be represented by

counsel. *Gulbransen v. Far N. Reg'l Ctr.*, 2011 U.S. Dist. LEXIS 64745 *3-4 (E.D. Cal. Jun. 17, 2011). "The right to represent oneself pro se is personal to the plaintiff and does not extend to other parties. Thus, a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer. It is not in the interest of minors that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected." *Id*. (internal marks and citations omitted). Therefore, Shanna Overcast cannot continue to pursue this action against the United States on behalf of minor W.O. without representation by counsel. *See Fernandez v. United States*, 2011 U.S. Dist. LEXIS 377 (S.D. Cal. Jan. 4, 2011) ("a parent or guardian ad litem cannot bring an action on behalf of a minor child without retaining a lawyer").

## **CONCLUSION**

For the reasons set forth above, the Court **GRANTS** Frantz Law Group APLC's motion to withdraw as Plaintiff's counsel of record, and **ORDERS** as follows:

(i) If Shanna Overcast desires to pursue this action on behalf of minor W.O., within **thirty (30) days** from the date of this Order, she must retain new counsel and her new counsel must file a notice of appearance with the Court.

(ii) Plaintiff is advised that if her new counsel does not file a notice of appearance within the time permitted, the Court may dismiss her action without further notice.

(iii) The Clerk of Court is instructed to terminate Frantz Law Group, APLC as Plaintiff's counsel of record.

**IT IS SO ORDERED.**

DATED: September 22, 2011

Hon. Michael M. Anello
United States District Judge